IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION
Civil Case No.

| | |
|---|---|
| NORTH BERKELEY DEVELOPMENT ASSOCIATES, LLC,<br><br>*Plaintiff*,<br><br>v.<br><br>SELECTIVE INSURANCE GROUP, INC. and SELECTIVE INSURANCE COMPANY OF SOUTH CAROLINA,<br><br>*Defendants*. | **NOTICE OF REMOVAL** |

TO THE HONORABLE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF NORTH CAROLINA:

Pursuant to 28 U.S.C. §§ 1441 and 1446 and 28 U.S.C. § 1332 and Rule 81 of the Federal Rules of Civil Procedure, Defendants Selective Insurance Group, Inc. ("SIGI") and Selective Insurance Company of South Carolina ("SICSC") (collectively "Defendants"), by and through undersigned counsel, hereby file this Notice of Removal of this case from the General Court of Justice, Superior Court Division, Craven County, North Carolina ("Superior Court"), to the United States District Court for the Eastern District of North Carolina, Eastern Division. In support of this Notice, Defendants state as follows:

1. This action is a civil action and was commenced by Plaintiff on August 6, 2021 with the filing of the Complaint and the issuance of Civil Summonses in the Superior Court, captioned *"North Berkeley Development Associates, LLC v. Selective Insurance Group, Inc. and Selective Insurance Company of South Carolina,"* Case No. 21-CvS-01103. A copy of the Civil

1

Summons to SICSC issued by the Superior Court and the Complaint (including Exhibits A-G) filed by the Plaintiff are attached hereto as **Exhibit 1**.

2. On August 10, 2021, SIGI (through its registered agent) was served with a copy of its respective Civil Summons and the Complaint.

3. On August 11, 2021, SICSC (through its registered agent) was served with a copy of its respective Civil Summons and the Complaint.

4. In accordance with 28 U.S.C. § 1441, the United States District Court for the Eastern District of North Carolina, Eastern Division, is the district court of the United States for the district and division embracing the place where this action is now pending, and thus venue is proper in this district court.

5. This Notice of Removal is timely under 28 U.S.C. § 1446(b). The time for filing this Notice of Removal has not yet expired. Defendants have not filed a pleading in the Superior Court in this action.

6. Removal of this civil action is based upon 28 U.S.C. § 1441. The action is brought in a state court of which the district courts have original jurisdiction pursuant to 28 U.S.C. § 1332(a) (diversity jurisdiction).

7. Plaintiff alleges that "this is an insurance coverage action in which Plaintiff seeks relief under its commercial, wind insurance policy purchased from Defendants, based on Defendants' failure to honor their contractual obligations." (Compl. ¶ 10).

8. Plaintiff alleges that it owns two commercial retail properties in Goldsboro, North Carolina (the "Properties"). (*Id.* ¶ 11).

9. Plaintiff alleges that "SICSC sold North Berkeley the Policy No. S2003458" for the policy period of December 1, 2017 through December 1, 2018 (the "Policy"). (*Id.* ¶ 12).

2

10. Plaintiff alleges that the Policy insures the Properties, with a policy limit of $7,437,534 for one of the Properties and a policy limit of $1,047,540 for the other of the Properties. (*Id.* ¶¶ 13-15).

11. Plaintiff alleges that on or about September 14, 2018, Hurricane Florence damaged the Properties "by high-speed winds and rainfalls." (*Id.* ¶ 17).

12. Plaintiff alleges that it "timely notified Defendants of the damage caused to the Properties during Hurricane Florence" and that Defendants "assigned Plaintiff's claim" a claim number. (*Id.* ¶ 19).

13. Plaintiff alleges that in Defendants' inspection report dated September 26, 2018, Defendants "determined the cost to repair the wind damage was less than the deductible and no payment was issued." (*Id.* ¶ 23).

14. Plaintiff alleges that in a report dated October 13, 2020, Plaintiff's public adjuster Ray Neelon "determined the cost to repair the damage to [one of the Properties] to be Three Million Eight Hundred Twenty Four Thousand Five Hundred Twelve and 50/100 Dollars ($3,824,512.50)," (*id.* ¶¶ 27, 30), and in a subsequent letter to Defendants dated October 19, 2020, Plaintiff's counsel "requested a net claim payment of" the same amount. (*Id.* ¶ 31).

15. Plaintiff alleges that "[i]n a letter dated December 29, 2020, Defendants denied Plaintiff's Claim based upon policy exclusions and limitations including alleged wear and tear, deterioration, and alleged inadequate maintenance to the Properties." (*Id.* ¶ 33).

16. Plaintiff alleges that "[o]n or about June 2, 2021, Mr. Neelon revised his report and estimated the cost to repair the wind damage to the Properties to be One Million Six Hundred Fifty Nine Thousand Five Hundred Sixty Four and 30/100 Dollars ($1,659,564.30)." (*Id.* ¶ 38).

17. Subsequently, Plaintiff alleges that in a letter to Defendants dated June 4, 2021,

Plaintiff's counsel "requested a net claim payment of One Million Six Hundred Sixty Two Thousand Sixty Four and 30/100 Dollars ($1,662,064.30)." (*Id.* ¶ 39).

18. In its First Claim for Relief entitled "Breach of Contract," Plaintiff alleges that Defendants "wrongly refused to cover property damage suffered by Plaintiff as a result of Hurricane Florence," (*id.* ¶ 51), and that "as a result of Defendants' breach of contract, Plaintiff has suffered and continues to suffer substantial damages." (*Id.* ¶ 52).

19. In its Second Claim for Relief entitled "Unfair and Deceptive Trade Practices," Plaintiff alleges that "Defendants have engaged in unfair and deceptive practices in the business of insurance as defined by N.C.G.S. § 58-63-15," (*id.* ¶ 57), that "Defendants' failure to make timely payments to Plaintiff according to the terms and obligations of the Policy" caused damages to Plaintiff, (*id.* ¶ 58-59), and that Plaintiff is "entitled to recover treble damages and reasonable attorneys' fees and expenses pursuant to N.C.G.S. §§ 75-16 and 75-16.1." (*Id.* ¶ 60).

20. In its Third Claim for Relief entitled "Declaratory Judgment," Plaintiff alleges that "an actual and justiciable controversy exists between Plaintiff and Defendants regarding whether Defendants can apply wear and tear/deterioration exclusions to refuse to pay Plaintiff's Claim." (*Id.* ¶ 65)

21. In its Fourth Claim for Relief entitled "Common Law Bad Faith," Plaintiff alleges that "By reason of Defendants' bad faith conduct, Plaintiff is entitled to recover all of its damages, including incidental, consequential, and compensable damages, along with punitive damages in an amount to be determined at trial and as permitted under North Carolina law." (*Id.* ¶ 72).

22. Accordingly, based upon the allegations in the Complaint and information available to them, Defendants have a good faith belief that the amount in controversy exceeds the sum of $75,000.00, exclusive of interest and costs.

23. This matter is between citizens of different states, and thus there is complete diversity of citizenship between Plaintiff and Defendants in this action.

24. At the time of the commencement of this action and at the present time, Plaintiff was and is a North Carolina limited liability company with a principal place of business in Craven County, North Carolina. (*Id.* ¶ 1). The citizenship of a limited liability company "is that of its members." *Gen. Tech. Applications, Inc. v. Exro Ltda.*, 388 F.3d 114, 121 (4th Cir. 2004); *Burnette v. Bayview Loan Servicing, LLC,* No. 7:20-CV-00037-M, 2021 WL 1592663, at *3 (April 23, 2021 E.D.N.C.). Upon information and belief, at the time of the commencement of this action and at the present time, Plaintiff is a citizen of North Carolina by reason of the citizenship of its member(s).

25. At the time of the commencement of this action and at the present time, Defendant SIGI was and is a corporation organized and existing under the laws of the State of New Jersey with its principal place of business located at 40 Wantage Avenue, Branchville, New Jersey 07890. (*Id.* ¶ 3).

26. At the time of the commencement of this action and at the present time, Defendant SICSC was and is a corporation organized and existing under the laws of the State of Indiana, (*id.* ¶ 2), with its principal place of business located at 40 Wantage Avenue, Branchville, New Jersey 07890. The Complaint incorrectly alleges that SICSC's principal place of business is in Indiana (*Id.*).

27. Therefore, at the time of the commencement of this action and at the present time, both SIGI and SICSC are citizens of States (New Jersey and Indiana) other than the State where Plaintiff is deemed to be a citizen (North Carolina). Accordingly, complete diversity exists in this action.

28. In accordance with 28 U.S.C. § 1446(d), after the filing of this Notice of Removal,

Defendants will give written notice thereof to Plaintiff and will file a copy of this Notice with the Clerk of the Superior Court, Craven County, North Carolina.

WHEREFORE, Defendants hereby remove this action, from the General Court of Justice, Superior Court Division, Craven County, North Carolina, to the United States District Court for the Eastern District of North Carolina, Eastern Division.

This the 8th day of September, 2021.

/s/ James W. Bryan
James W. Bryan
N.C. State Bar No. 16575
jbryan@nexsenpruet.com
Harris M. Watkins
N.C. State Bar No. 56138
mwatkins@nexsenpruet.com
Nexsen Pruet, PLLC
701 Green Valley Road, Suite 100
Greensboro, NC 27408
Telephone: (336) 387-5122
Fax: (336)-273-5357
*Attorneys for Defendants Selective Insurance Group, Inc. and Selective Insurance Company of South Carolina*

# CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing **NOTICE OF REMOVAL** was duly served upon those set forth below in accordance with the provisions of Rule 5 of the Federal Rules of Civil Procedure by depositing it in the United States Mail, first-class postage prepaid, addressed as follows:

>George Mason Oliver
>The Law Offices of Oliver & Cheek, PLLC
>P.O. Box 1548
>New Bern, NC 28563
>*Attorney for Plaintiff*

This the 8th day of September, 2021.

>/s/ James W. Bryan
>James W. Bryan
>N.C. State Bar No. 16575
>jbryan@nexsenpruet.com
>Harris M. Watkins
>N.C. State Bar No. 56138
>mwatkins@nexsenpruet.com
>Nexsen Pruet, PLLC
>701 Green Valley Road, Suite 100
>Greensboro, NC 27408
>Telephone: (336) 387-5122
>Fax: (336)-273-5357
>*Attorneys for Defendants Selective Insurance Group, Inc. and Selective Insurance Company of South Carolina*