# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF NORTH CAROLINA
# EASTERN DIVISION
# Civil Case No. 4:21-cv-00131-D

| | |
|---|---|
| NORTH BERKELEY DEVELOPMENT ASSOCIATES, LLC, | )<br>)<br>) |
| *Plaintiff*, | )<br>)<br>) |
| v. | ) **STIPULATED PROTECTIVE ORDER** |
| SELECTIVE INSURANCE COMPANY OF SOUTH CAROLINA, | )<br>)<br>)<br>) |
| *Defendant*. | )<br>)<br>) |

## SCOPE

1. For purposes of this Order, "CONFIDENTIAL MATERIAL" means discovery materials that have been designated confidential pursuant to this Order. A party may designate as CONFIDENTIAL MATERIAL any discovery material it reasonably and in good faith believes to contain proprietary, confidential, or personal information, including, but not limited to, confidential business, financial, trade secret, research, commercial, or proprietary data or analyses. CONFIDENTIAL MATERIAL shall be used or disclosed only for the purposes of this action and shall not be used for any other reason or purpose whatsoever, and such use or disclosure may be made only as provided herein. This Order applies to CONFIDENTIAL MATERIAL so designated in all documents, written discovery responses, testimony, tangible evidence, and any other discovery conducted, given or exchanged in this action, and any motion, brief, exhibit or other filing or proceeding incorporating such materials or their contents.

2. This Order is intended to provide a mechanism by which any party may elect to provide information regarded as confidential. Nothing herein shall be construed as requiring any party to produce information regarded as confidential and any party may elect (in lieu of or in addition to utilizing the terms of this Order) to object to the production of any confidential information or to exercise any other appropriate remedies with respect to a request for production of such information.

3. Nothing herein shall: (i) preclude a producing party from seeking and obtaining, on an appropriate showing, such additional protection with respect to the confidentiality of documents or information as it may deem appropriate, (ii) preclude any party from objecting to the discoverability of any documents or information on appropriate grounds, (iii) preclude any party from objecting to the admissibility of any documents or information, (iv) limit a party's use of its own documents or any documents obtained outside the discovery process in this action, or (v) limit a party's use of public information.

4. The provisions of this Order regarding "CONFIDENTIAL MATERIAL" shall become binding upon the parties as a stipulation upon execution by counsel, and shall be binding upon the parties to this civil action and upon their attorneys, agents, legal and equitable successors of the parties, employees, and expert witnesses and consultants to whom designated confidential information is disclosed. This Order shall also be binding against any persons or entities added as parties after the entry of this Order. Further, any party that intervenes or is added to this action shall not be entitled to documents produced by the other parties absent its agreement to be bound by this Stipulated Protective Order. The provisions of this Order regarding "CONFIDENTIAL MATERIAL" shall continue in full force and effect following termination of this proceeding.

5. All "CONFIDENTIAL MATERIAL" shall be treated and maintained as such by all persons to whom such material is disclosed pursuant to the terms of this Order. Such "CONFIDENTIAL MATERIAL" and any copies, summaries, compilations, notes, and abstracts thereof, shall not be used for any purpose except the parties' participation in proceedings connected with this matter. All "CONFIDENTIAL MATERIAL" and any copies, summaries, compilations, notes, and abstracts thereof shall be stored under the direct control of the parties' respective counsel, who shall be responsible for preventing any disclosure thereof, and shall be returned or disposed of in accordance with the terms of this Order. It shall not be deemed a violation of this Stipulated Protective Order for a party to contract with a third-party discovery vendor to store, transfer, process, annotate, or otherwise use or handle "CONFIDENTIAL MATERIAL" in connection with this matter, provided that the party so acting takes reasonable measures to notify the third- party discovery vendor of this Order and request that the third-party discovery vendor will treat any "CONFIDENTIAL MATERIAL" in its possession or under its control in a manner consistent with the provisions of the Stipulated Protective Order.

6. Documents or information produced shall be designated as confidential by the producing party at the time of production. Copies of documents or portions thereof deemed to be confidential shall be specifically identified and marked "CONFIDENTIAL" by the producing party at or before the time of production.

7. Nothing in this Order, however, constitutes a finding or admission that any of the information designated hereunder is confidential information, and nothing herein shall prevent any party from contending that any or all such information is not confidential or that information not designated pursuant to this Order is in fact confidential or from seeking

relief from this Court as appropriate from any designation of confidentiality made by any party.

8. All portions of depositions or other transcripts, copies, and documents subsequently created (including motions, affidavits, exhibits, and any documents filed with the Court) that reveal any "CONFIDENTIAL MATERIAL" shall be considered "CONFIDENTIAL MATERIAL" for purposes of this action.

9. All documents, transcripts, discovery responses, and any other materials, objects or things that are designated pursuant to this Order as comprising or containing "CONFIDENTIAL MATERIAL" shall be retained by the receiving party, and any confidential portions shall be kept confidential and shall be revealed only to and used only by:

   a. Counsel of record and in-house counsel for the parties in this case, together with any attorneys, paralegals, and clerical employees working on the case;

   b. The parties, including officers, directors, members, managers, or employees of the parties whose assistance is reasonably required in the preparation of this case for trial and who need access to the materials to render assistance;

   c. Experts or consultants retained by any party in connection with the preparation of this case for trial or in connection with the trial of this case; and

   d. Any Court personnel involved in this action, its trial, and any appeal therefrom.

   e. Any third-party discovery vendor retained to assist with storing, transferring, processing, annotating, or otherwise using or handling "CONFIDENTIAL MATERIAL" in this matter.

10. Disclosure by any party of "CONFIDENTIAL MATERIAL" without proper designation at the time of disclosure shall not be deemed a waiver of a party's claim to confidentiality. Upon learning of the disclosure of "CONFIDENTIAL MATERIAL"

without proper designation, a party shall properly designate such documents or information, and the parties and any third parties who adopt or enter into this Order shall be bound by such designations pursuant to the terms of this Order. However, no party or any third party shall be deemed to be in breach of this Order by reason of any use or disclosure of such documents or information that occurred prior to notification of the confidential nature of the information.

11. Nothing herein shall be construed to affect or prohibit in any way the admissibility of any of the documents, of testimony or other evidence relating to the documents, or of information designated confidential at any hearing or trial in this matter. However, in the event that any "CONFIDENTIAL MATERIAL" is used in any Court hearing or other proceeding, such information shall not lose "Confidential" status through such use alone.

## USE OF CONFIDENTIAL MATERIAL AT DEPOSITIONS

12. "CONFIDENTIAL MATERIAL" shall be utilized in deposition only in a manner calculated to preserve the confidentiality of such documents or information and in accordance with the following procedures:

   a. This Order shall be made an exhibit to any deposition during which "CONFIDENTIAL MATERIAL" is used or discussed;

   b. If any "CONFIDENTIAL MATERIAL" is to be marked as an exhibit, such exhibit shall be marked "CONFIDENTIAL MATERIAL-SUBJECT TO PROTECTIVE ORDER" by the Court Reporter and attached under seal;

   c. Unless permission is elsewhere granted in this Order, no deponent shall be permitted to retain copies of "CONFIDENTIAL MATERIAL";

   d. Unless otherwise agreed by counsel at the time a deposition is taken,

deposition testimony and transcripts shall be treated as though designated Confidential in their entirety until the expiration of 30 days after receipt of the transcript, by which time specific designations, if any, must be made; and

e. Any Court Reporter or other person taking or preparing transcripts of any deposition during which "CONFIDENTIAL MATERIAL" was introduced or disclosed shall be advised of the terms of this Order and agree to be bound thereby.

## FILINGS WITH THE COURT

13. If a party wishes to file with the Court any document or information that has been designated as "Confidential" and as to which the Court has not ruled, that party must comply with the provisions of E.D.N.C. Local Civil Rule 79.2, the CM/ECF Policy Manual, and the Practice Preferences of the Honorable James C. Dever III.

   a. Except for motions filed under seal in accordance with Section V.G.1.(f) of the CM/ECF Policy Manual, each time a party seeks to file under seal, the party must accompany the request with a motion to seal. The motion to seal may be filed without a supporting memorandum only if the filing party can cite a statute, rule, standing order or court order that requires the filing to be sealed. Absent such authority, the filing party must submit a supporting memorandum that specifies:

      i. The exact document or item, or portions thereof, for which the filing under seal is requested;

      ii. How such request to seal overcomes the common law or the First Amendment presumption to access;

      iii. The specific qualities of the material at issue which justify

sealing such material, taking into account the balance of competing interest in access;

  iv. The reasons why alternatives to sealing are inadequate; and

  v. Whether there is consent to the motion.

b. If the party filing the document is not the party claiming confidentiality (for example, if the material has been designated as confidential by another party pursuant to this Order), the filing party shall comply with the following Practice Preference of the Honorable James C. Dever III:

> Before filing any information that has been designated "CONFIDENTIAL MATERIAL" with the Court, or any pleadings, motions or other papers that disclose any such information, counsel shall confer with counsel for the party that produced the information so designated about how it should be filed. If the party that produced the information so designated desires that the materials be filed under seal, then the filing party shall file the materials in accordance with Local Civil Rule 79.2, EDNC, with notice served upon the producing party. The filing of the materials under seal shall not be binding on the Court, however. Within 10 days of service of such notice, the party desiring that the materials be maintained under seal shall file with the Court a Motion to Seal and supporting memorandum of law specifying the interests which would be served by restricting public access to the information. The party that initially filed the materials need not file any such Motion to Seal or otherwise defend another party's desire that the materials remain sealed. The Court will grant the Motion to Seal only after

providing adequate notice to the public and opportunity for interested parties to object, after carefully weighing the interests advanced by the movant and those interests favoring public access to judicial documents and records, and upon finding that the interests advanced by the movant override any common law or constitutional right of public access which may attach to the information. Documents submitted under seal in accordance with this paragraph will remain under seal pending the Court's ruling. If the party desiring that the information be maintained under seal does not timely file a Motion to Seal, then the materials will be deemed unsealed, without need for order of the Court.

## INADVERTENT PRODUCTION OF CONFIDENTIAL MATERIAL

14. If "CONFIDENTIAL MATERIAL" is inadvertently disclosed without being designated as "CONFIDENTIAL", the producing party shall, upon discovery of such inadvertent disclosure, promptly inform opposing counsel and the receiving party in writing of the inadvertent disclosure. Inadvertent production of material subject to the attorney-client privilege, work product immunity, or other applicable privilege or immunity shall not constitute waiver of any privilege or immunity provided that the producing party notifies the receiving party in writing promptly after discovery of such inadvertent production. Such inadvertently produced material shall be returned to the producing party upon request. No use shall be made of such material during deposition or at trial, nor shall such material be shown to anyone who has not already been given access to it subsequent to the request for its return.

## POST-TRIAL MEASURES

15. Upon termination of this action, whether by final judgment after appeal or by

settlement, all documents containing "CONFIDENTIAL MATERIAL", including any copies thereof provided to authorized third parties, shall, at the option of the party, either be returned to the producing party or be disposed of pursuant to mutual agreement of the parties or final order of this Court, or be maintained as "CONFIDENTIAL MATERIAL" in conformity with this protective order, which shall survive the termination of this lawsuit and shall continue in full force and effect.

16. The parties shall confer among themselves concerning measures that should be taken during any trial of this action to satisfy the requirements of confidentiality consistent with the right of all parties to present all admissible evidence necessary for a proper resolution of this action.

## NON-TERMINATION

17. This Order shall survive the final conclusion of this case and shall continue in full force and effect, and the Court shall retain jurisdiction to enforce this Order. Within ninety (90) days after the final conclusion of this case, the "CONFIDENTIAL MATERIAL" produced in this litigation shall, upon request of the producing party, be either destroyed to the extent possible or returned to that party, provided, however, that any other party may seek to retain any files or documents containing such material as long as necessary as may be required by statute, regulation, or rule, or to the extent destruction or deletion of electronically stored materials is not possible. A party who seeks to retain documents pursuant to this paragraph shall promptly so advise the party requesting return or destruction of said documents of its intention. Any disputes concerning the applicability of this paragraph shall be resolved by this Court.

18. Notwithstanding any of the foregoing, the parties' counsel may retain any privileged attorney work product they have created which incorporates "CONFIDENTIAL

MATERIAL" on the condition that they will maintain the confidentiality of such material and will not use such material in contravention of the provisions of this Court.

## VIOLATION OR MODIFICATION OF THIS ORDER

19. The parties acknowledge that a knowing violation of this Order, other than inadvertent disclosure, may be punishable by the Court in its discretion pursuant to Rule 37 of the Federal Rules of Civil Procedure.

20. Nothing in this Order shall prevent any party or other person from seeking modification of this Order or from objecting to discovery that it believes to be otherwise improper.

21. This Order may be modified or amended by order of the Court for good cause shown or by agreement of the parties.

**IT IS SO ORDERED.**

This the **27** day of **December**, 2021.

Robert B. Jones, Jr.
United States Magistrate Judge

**AGREED AND STIPULATED TO:**

This the 22nd day of December, 2021.

/s/George Mason Oliver
George Mason Oliver, Esq.
N.C. State Bar #26587
The Law Offices of Oliver & Cheek, PLLC
405 Middle Street
PO Box 1548
New Bern, NC 28563
Telephone: 252-633-1930
Facsimile: 252-633-1950
Email: george@olivercheek.com
*Counsel for Plaintiff*

/s/James W. Bryan
James W. Bryan, Esq.
N.C. State Bar #16575
Email: jbryan@nexsenpruet.com
Harris M. Watkins
N.C. State Bar # 56138
Email: mwatkins@nexsenpruet.com
Nexsen Pruet, PLLC
701 Green Valley Road, Suite 100
Greensboro, NC 27408
Telephone: (336) 387-5122
Facsimile: (336) 273-5357
*Counsel for Defendant*